```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
RICOLE BRAXTON,                                 :   Case No. 1:14-CR-00214
                                                :   Case No. 1:16-CV-01094
        Petitioner,                             :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Doc. No. 898¹]
UNITED STATES OF AMERICA,                       :
                                                :
        Respondent.                             :
                                                :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 6, 2016, Defendant Ricole Braxton petitioned for habeas corpus relief under 28 U.S.C. § 2255.[2] He argues that he received ineffective assistance of counsel.[3] The Government opposes.[4] For the following reasons, the Court **DENIES** Defendant Braxton's petition.

## I. Background

On June 18, 2014, the United States indicted Defendant Ricole Braxton and others for conspiracy to possess with intent to distribute, and intent to distribute, heroin, cocaine base ("crack"), and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846.[5] Braxton was also charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 921(g)(1), and knowingly or intentionally using any communication facility in constituting a felony, in violation of 21 U.S.C. § 843(b).[6]

On January 16, 2015, Defendant Braxton pled guilty to conspiring to possess with the intent to distribute and with conspiring to distribute heroin, in violation of 21 U.S.C. §§

---

[1] All citations are to the criminal docket, Case No. 1:14-CR-00214.
[2] Doc. 898.
[3] *Id*.
[4] Doc. 900.
[5] Doc. 1; *see also* Doc 1-2 at 10.
[6] *Id*.

Case No. 14-CR-00214
Gwin, J.

841(a)(1), (b)(1)(C), and 846.[7] In the plea agreement, Braxton agreed to a two level enhancement for possession of a firearm under United States Sentencing Guideline § 2D1.1(b)(1).[8]

On April 22, 2015, this Court imposed a sentence of 63 months' imprisonment with credit for time served.[9] Defendant Braxton did not appeal.

On May 6, 2016, Defendant Braxton filed a motion under 28 U.S.C. § 2255.[10] He argues that he received constitutionally ineffective assistance of counsel because his lawyer failed to object to the two-level enhancement for possession of a firearm.[11] The Government opposes.[12]

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[13]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[14]

---

[7] Doc. 470 at 2.
[8] *Id.* at 5.
[9] Doc. 755 at 2.
[10] Doc. 898.
[11] *Id.*
[12] Doc. 900.
[13] 28 U.S.C. § 2255(a).
[14] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

-2-

Case No. 14-CR-00214
Gwin, J.

### III. Analysis

Defendant Braxton alleges that his constitutional right to effective assistance of counsel was violated. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington*[15] test.

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[16] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[17] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[18]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19]

Defendant Braxton argues that his counsel provided ineffective assistance by failing to object to his § 2D1.1(b)(1) two-level enhancement for possession of a firearm. Specifically, Braxton argues that "there was never any connection with the possession of a firearm and the purported conspiracy to possess with intent to distribute and distribut[e] . . . heroin."

Braxton's claim fails on the merits. Guideline § 2D1.1 covers, among other things, sentencing for 21 U.S.C. §§ 841(b)(1)(C) violations. Guideline § 2D1.1 (b)(1) allows for a two-level enhancement "if a dangerous weapon (including a firearm) was possessed."[20] The

---

[15] 466 U.S. 668 (1984).
[16] *Id.* at 688.
[17] *Id.* at 690.
[18] *Id.* at 690-91.
[19] *Id.* at 695.
[20] U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2014).

-3-

Case No. 14-CR-00214
Gwin, J.

Application Notes make clear that the "[t]he enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons."[21]

In the plea agreement, the Government agreed to drop the felon in possession of a firearm charge.[22] The parties then agreed to a two-level enhancement for firearm possession on his drug conspiracy charge.[23] Factually, Defendant Braxton also agreed that he "knowingly possessed a Cobra, .38 caliber handgun."[24]

Braxton knowingly and voluntarily entered into the plea agreement.[25] It does not fall below "an objective standard of reasonableness"[26] for an attorney to allow a defendant to do so.[27] Furthermore, as the apparent tradeoff between another charge for firearm possession and the two-level enhancement was likely a "strategic choice[]," it is "virtually unchallengeable."[28]

### IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** Defendant Braxton's petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[29]

IT IS SO ORDERED.

Dated: October 21, 2016    *s/       James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[21] *Id*. at App Notes, Subsection (b)(1).
[22] Doc. 470 at 3.
[23] *Id*. at 5.
[24] *Id*. at 9.
[25] Prior to entering the plea agreement, Defendant Braxton also received the presentence report prepared in his case. The report included the two-level enhancement, Doc. 747 at 5 (sealed presentence report), and Braxton made no objection, *see* Dkt. at Doc. 681 (requiring parties to file objections to the presentence report within 14 days).
[26] *Strickland*, 466 U.S. at 688.
[27] *Camacho v. United States*, No. 1:07 CR 0603, 2011 WL 6181469, at *3 (N.D. Ohio Dec. 13, 2011) (denying defendant's ineffective assistance of counsel claim based on a § 2D1.1 enhancement where defendant knowingly entered a plea agreement including the enhancement).
[28] *Strickland*, 466 U.S. at 690-91.
[29] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).